UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 11-30162-RAL |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER DENYING MOTION |
| | \* | TO SEVER COUNTS |
| FRANKIE DELGADO, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Frankie Delgado has moved to sever certain counts in the Indictment and submitted memoranda in support thereof.[1] In his motion, Delgado claims that Counts I and II were improperly joined with Count III[2] and that the failure to sever this Count from the other two Counts would prejudice his right to a fair trial.[3] The Government has filed a response to the motion, resisting the same.[4] Because the motion is not a dispositive one, this Court is authorized to rule on it (as opposed to having to make a report and recommendation), a ruling that may be reconsidered by the district judge assigned to the case.[5] After careful

---

[1]Docket Nos. 19, 20, 22.

[2]See Fed. R. Crim. P. 8(a).

[3]See Fed. R. Crim. P. 14(a).

[4]Docket No. 21.

[5]See 28 U.S.C. §636(b)(1)(A) (listing the motions that can only be decided on a report and recommendation basis and stating when a district judge may reconsider and

(continued...)

review and consideration of the matter, the Court concludes that the motion should be denied for the reasons more fully explained below.

I.

Delgado is charged in a three-count Indictment with having sexual contact with two different adult women. Counts I and II pertain to one of the women and Count III the other. The table below outlines the charges in more detail.

| Count | Offense | Date(s) | Place | Person | Touching Involved |
|---|---|---|---|---|---|
| I | Abusive Sexual Contact | March 1-May 31, 2011 | IHS Hospital in Eagle Butte | Tina Harris | Harris's breast |
| II | Abusive Sexual Contact | March 1-May 31, 2011 | IHS Hospital in Eagle Butte | Tina Harris | Delgado's genitalia with Harris's hand |
| II | Abusive Sexual Contact | May 5, 2011 | Eagle Butte | Keri Fischer | Fischer's genitalia, groin and inner thigh |

He has pled not guilty to all three charges and a jury trial is scheduled for June 19, 2012.

II.

The Federal Rules of Criminal Procedure provide that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the

---

[5](...continued)
overturn a magistrate judge's ruling on a nondispositive motion).

2

same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[6] But the Rules allow a court to sever counts "[i]f the joinder of offenses . . . in [the] indictment . . . appears to prejudice [the] defendant . . . ."[7]

In the Eighth Circuit, the "indictment-only" standard is used when determining whether offenses have been properly joined.[8] Under this standard, the validity of the joinder is assessed in light of the allegations contained in the indictment itself.[9]

When a defendant moves for severance, a court must preliminarily discern whether joinder is proper under Rule 8 of the Federal Rules.[10] While the court has discretion to sever even properly joined offenses "the [R]ules are to be broadly construed in favor of joinder to promote the efficient administration of justice."[11] Rule 14, which is available as a remedy in the event prejudice exists, should not be used to supersede or as a substitute

---

[6]Fed. R. Crim. P. 8(a).

[7]Fed. R. Crim. P. 14(a).

[8]*United States v. Wadena*, 152 F.3d 831, 848 (8th Cir.), *cert. denied*, 526 U.S. 1050 (1999); *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir.), *cert. denied*, 459 U.S. 1040 (1982).

[9]*Id.*; *see also United States v. Chantharath*, Nos. CR. 10-40004-01, 10-40004-06-KES, 2011 WL 4708836 at *1 (D.S.D. Oct. 4, 2011).

[10]*See United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.), *cert. denied*, 546 U.S. 994 (2005).

[11]*United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008); *see also United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011); *United States v. Erickson*, 610 F.3d 1049, 1054 (8th Cir. 2010).

3

for the initial analysis required under Rule 8(a). At least one of Rule 8(a)'s preconditions must be satisfied for joinder to be proper, and these conditions, while broadly phrased, are not all encompassing.[12]

### III.

Delgado maintains that the charged offenses have been improperly joined and that he should be tried separately on the sexual contact offense involving Fischer (Count III). He argues that this offense involves a distinct set of acts, engaged in on a specific occasion, against a different woman.

When gauging whether an indictment satisfies Rule 8(a), it is appropriate to consider such factors as the offenses charged and the elements of the same, the temporal proximity and physical location of the acts, the likelihood and extent of an evidentiary overlap and the nature and identity of the alleged victims involved. Such a comprehensive or holistic approach comports with Eighth Circuit precedent,[13] and the approach taken by other circuits.[14]

---

[12]*United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996); *see also United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005), *cert. denied*, 547 U.S. 1061 (2006).

[13]*See United States v. Johnson*, 462 F.3d 815, 821-22 (8th Cir. 2006), *cert. denied*, 549 U.S. 1298 (2007); *United States v. Little Dog*, 398 F.3d 1032, 1037(8th Cir. 2005); *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001).

[14]*See United States v. Jawara*, 474 F.3d 565, 578-79 (9th Cir. 2007); *United States v. Edgar*, 82 F.3d 499, 503 (1st Cir.), *cert. denied*, 519 U.S. 870 (1996).

4

Applying this approach here, it is readily apparent that Counts I and II are of the "same or similar character" as Count III.[15] Put differentially, they are nearly corresponding, resemble each other in many respects, are somewhat alike and have a general likeness.[16] The fact that the alleged victims are different is of no legal consequence.[17]

The Indictment also sets forth what appears to be impulsive crimes of opportunity committed against or with two females over a short period of time.[18] What's more, each of the offenses charged is connected to another or is at least part of a common scheme of illicit sexual touching.[19]

And significantly, the evidence as to Delgado's alleged encounters with Harris and Fischer overlaps. While it is true that Rule 404(b) of the Federal Rules of Evidence prohibits the admission of other crimes as propensity evidence, Congress excepted sexual assault cases from this Rule when it enacted Rule 413.[20] Consequently, even if Count III of the Indictment is severed, evidence of Delgado's sexual abuse will probably be admissible against him on Counts I and II – and the other way around – subject, of course, to the

---

[15]*See Taken Alive*, 513 F.3d at 903; *Tyndall*, 263 F.3d at 850.

[16]*See Tyndall*, 263 F.3d at 850, *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (*per curiam*).

[17]*Taken Alive*, 513 F.3d at 902-03; *Tyndall*, 263 F.3d at 849-50.

[18]*See Tyndall*, 263 F.3d at 850; *see also Taken Alive*, 513 F.3d at 903; *United States v. McClintic*, 570 F.2d 685, 689 (8th Cir. 1978).

[19]*See Little Dog*, 398 F.3d at 1037.

[20]*See United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999); *Petersen v. United States*, 352 F.Supp.2d 1016, 1025 (D.S.D. 2005).

dictates of Rule 403 .[21] On this record, the Court is satisfied that the three counts were properly joined.[22]

### IV.

Delgado also contends that he is entitled to severance because of the prejudice that would be caused to him by trying the three charges together.

"If joinder is proper under Rule 8, the defendant seeking severance has a heavy burden of demonstrating that a joint trial will impermissibly infringe [upon] his right to a fair trial."[23] There is a strong presumption against severing properly joined counts.[24] In order for severance to be warranted, the necessary prejudice must be "severe or compelling."[25] "Severe prejudice" occurs when the moving defendant is deprived of "an appreciable chance for an acquittal," a chance that the defendant "would not have had in a severed trial."[26]

---

[21] *Id.*

[22] *See Garrett*, 648 F.3d at 625; *Taken Alive*, 513 F.3d at 903; *Tyndall*, 263 F.3d at 850; *United States v. Running Horse*, 175 F.3d 635, 637 (8th Cir. 1999).

[23] *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010); *United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996), *cert. denied*, 520 U.S. 1110 (1997).

[24] *McCarther*, 596 F.3d at 442; *Ruiz*, 412 F.3d at 886.

[25] *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008); *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 539 U.S. 960 (2003).

[26] *Garrett*, 648 F.3d at 625-26; *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999).

Delgado asserts that evidence of the Fischer incident taints the Harris ones so as to increase the risk of undue prejudice. He speculates that the jury will improperly cumulate the evidence of the three alleged incidents and improperly convict him, but will not do so if the Fischer incident is considered separately. In essence, Delgado argues that the jury will not be able to compartmentalize the evidence as it relates to each charge. The Court disagrees.

At the outset, the jury will be instructed, and hence made aware, of what elements the Government must prove in relation to each of the offenses. And because this is not a complex case by any means, the jury should be able to segregate the evidence for each offense.

Beyond this, the Eighth Circuit has determined that "[w]here evidence that a defendant has committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together."[27] In a case where the indictment charges the defendant with two sets of assaults on separate individuals at different points in time, "[u]nder [Federal Rule of Evidence] 404(b), evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character."[28] Indeed, admitting, in separate trials "the other assault to show absence of

---

[27]*Taken Alive*, 513 F.3d at 903; *see also United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980).

[28]*Id.*; *see also Garrett*, 648 F.3d at 626.

7

mistake or accident or to show intent would not be an abuse of [ ] discretion, and the separate juries would likely know about both assaults."[29]

Additionally, just because all of the charged offenses may not have taken place on the same day does not necessarily mean that certain acts alleged to have been committed at an earlier point in time will be used by the jury to determine whether Delgado is guilty of a crime that he supposedly committed at a later point in time – or vice versa. This is a risk inherent in any case that involves more than one offense alleged to have occurred at different times.

Finally, any prejudice that Delgado may suffer due to the joinder of offenses may be neutralized through carefully tailored jury instructions. With proper and limiting instructions, the jury should be able to apply the evidence separately and to differentiate each charge.[30]

Delgado lastly claims that he will be prejudiced by the joinder if he wishes to testify at trial about what happened with Harris but not Fischer-or the reverse of the same. Such a claim is grounded on conjecture and is not ripe for adjudication.

---

[29]*Id.*

[30]*See Wadena*, 152 F.3d at 849-50; *United States v. Lewis*, 547 F.2d 1030, 1033-34 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111 (1977).

A defendant has a constitutional right both to testify and not testify[31] but may not selectively invoke his right to remain silent.[32] So, in a single trial, the defendant must, for practical purposes, either remain silent on the charges or testify about them.[33]

Before a court will order severance, a defendant must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts."[34] In *Little Dog*, a case from this district, the defendant contended that he was prejudiced because he wanted to testify on the sexual abuse charges, but not the obstruction of justice charge.[35] The Eighth Circuit Court of Appeals rejected this contention, holding that the defendant "failed to provide the trial judge sufficient information that he had important testimony to give on the sexual abuse offense, but a strong need to refrain from testifying on the obstruction count."[36]

Here, the Court reaches the same conclusion with respect to Delgado's claim and his alleged desire to testify about some, but not all, of the sexual contact offenses. He has failed to make the requisite showing concerning the testimony that he would give on the incident

---

[31]*See Rock v. Arkansas*, 483 U.S. 44, 49, 53 (1987).

[32]*See Jenkins v. Anderson*, 447 U.S. 231, 235-38 (1980).

[33]*Id.*

[34]*McCarther*, 596 F.3d at 443 (*quoting United States v. Possick*, 849 F.2d 332, 338 (8th Cir. 1988)).

[35]398 F.3d at 1037.

[36]*Id.* at 1038.

he desires to have severed and the reason(s) why he cannot provide testimony on the other two incidents.[37]

V.

The counts against Delgado are of the "same or similar character," are connected with or to each other by time and general location and will potentially require the presentation of overlapping evidence. Delgado has not shown that he would be unfairly prejudiced if severance is denied. And any prejudice that may exist by virtue of the charged offenses can be vitiated by well-drafted jury instructions or severance at a later time. This being the case, it is hereby

ORDERED that Delgado's Motion to Sever Counts for Trial[38] is denied without prejudice.

Dated this 26th day of April, 2012, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[37]See *McCarther*, 596 F.3d at 443.

[38]Docket No. 19.

10